UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIE RYAN OVERSTREET,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD E. MOSELEY, et al.,<br><br>Defendants. | No.  2:24-cv-0942 AC P<br><br>ORDER AND FINDINGS AND RECOMMEDANTIONS |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

////

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

I. <u>Complaint</u>

    A.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. <u>Id.</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

    B.     <u>Factual Allegations of the First Amended Complaint</u>

The first amended complaint alleges that defendants Moseley, Perez, Pitchford, Rios, and Gamez have violated plaintiff's rights under the First and Eighth Amendments. ECF No. 6. Defendants are sued in their individual and official capacities. <u>Id.</u> at 3-4.

////

2

Specifically, plaintiff alleges that in October 2021 while he was incarcerated at Kern Valley State Prison (KVSP), defendant Perez sat in and listened to a telephone conference plaintiff had in which some of his prior litigation was discussed. Id. at 5. The following month, plaintiff was told by another inmate that Perez was telling security threat group (STG) inmate that plaintiff was a sex offender because plaintiff was suing a correctional officer and wanted plaintiff hurt badly enough that he stopped his litigation. Id. Plaintiff was later called over by a group of STG inmates on the yard next to his. Id. at 9. They told him that they knew who all the sex offenders were, and he then noticed that they were holding weapons and trying to get the tower officer to open the yard door so they could attack plaintiff. Id. Plaintiff quickly left and submitted a grievance the following day. Id.

On November 17, 2021, plaintiff was interviewed by defendant Pitchford regarding his grievance. Id. When plaintiff told him about the STG inmates and that he had been told Perez was disclosing his sex offender status, Pitchford became aggravated and told plaintiff to identify the inmate who told him about Perez. Id. at 10. When plaintiff refused, Pitchford told him that to ensure his safety concerns were properly investigated plaintiff had to provide him with reliable information of other prisoners' illegal activities or plaintiff would have to deal with his STG issues on his own. Id. 10-11. Plaintiff never received a response to his grievance despite multiple attempts to follow up. Id. at 12-13.

Eventually, plaintiff had an attorney friend send in his administrative complaint, which was forwarded to Moseley. Id. at 13. Mosely improperly closed out his grievance as untimely and duplicative and later denied a different grievance alleging plaintiff had been charged with a fabricated disciplinary. Id. at 14, 17. Plaintiff alleges that defendant Moseley, who is the associate director of appeals, has consistently denied plaintiff's grievances about his safety concerns and disregarded plaintiff's twenty-seven-day hunger strike and errors in plaintiff's case file including plaintiff being identified as an active STG member. Id. at 6.

Plaintiff also alleges that his case file contains fabricated information and his documented enemies list had not been updated for many years. Id. at 16-17. He alleges that Perez's inaction, as well as that of many others before him, has led to plaintiff's case file containing serious

3

falsehoods that have resulted in plaintiff's improper placement at extremely violent prisons. Id. at 7.

On June 30, 2022, plaintiff began a hunger strike during which he developed a spider bite on his leg. Id. at 19. After returning from the hospital for treatment of the spider bit plaintiff was placed on suicide watch even though he was not suicidal. Id. at 21. He appears to allege that both his hunger strike and spider bite were ignored due to Pitchford, Perez, and Mosely covering up unspecified misconduct. Id. at 20.

On September 22, 2022, plaintiff was transferred from KVSP to Mule Creek State Prison (MCSP) where he had an undocumented enemy. Id. at 23. Perez placed the transfer. Id. at 22. While at MCSP plaintiff filed a grievance regarding his initial classification committee hearing being held outside where other inmates could easily hear. Id. at 24. The grievance was granted by MCSP but later denied by Mosely. Id. at 26.

On February 28, 2023, plaintiff advised defendant Gamez that he had an enemy on the yard. Id. at 27. Gamez told plaintiff that she could not help him unless he provided information on other inmates. Id. Plaintiff then began cutting his arm and Gamez escorted him to a holding cage and contacted the mental health department. Id. at 28. When the doctor cleared plaintiff to return to his housing unit three hours later, plaintiff again began cutting his arm. Id. This time, Gamez told plaintiff to "Come back next shift and to that s--t, we're done," and did not call medical until her supervisor saw plaintiff and told her to "deal with it." Id. After Gamez called medical, plaintiff repeated this cycle with other officers who are not named as defendants until his safety concerns were finally addressed. Id. at 29. Gamez later had plaintiff's cell searched in retaliation for his conduct. Id. at 31. Defendant Rios then failed to investigate the matter. Id. at 31-32.

        C.      Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid claim for relief under the First and Eighth Amendments against defendant Perez for retaliation and failure to protect, based on the allegations that Perez told other inmates about plaintiff's sex offense in response to learning about plaintiff's litigation

4

activities. Plaintiff has also stated an Eighth Amendment failure to protect claims against defendants Pitchford and Gamez based on his allegations that Pitchford and Gamez refused to address plaintiff's safety concerns unless plaintiff provided information on other inmates. The allegation that Gamez initially ignored plaintiff the second time he began cutting his arm is also sufficient to state a claim for deliberate indifference.

### D. Failure to State a Claim

However, the allegations in the complaint are not sufficient to state a claim for failure to protect against Perez based on the alleged falsifications and lack of updates to plaintiff's case file. There are no allegations that Perez was aware of the inaccurate information and lack of updates such that he had an obligation to take action. Similarly, plaintiff has not alleged facts showing Perez failed to protect him when he transferred plaintiff to MCSP because there are no allegations showing Perez was aware that plaintiff had an enemy at MCSP. To the contrary, plaintiff alleges that the enemy was undocumented.

Plaintiff fails to state a claim against Mosely based on the denial of his appeals alleging safety concerns and that he was charged with an allegedly fabricated disciplinary. Plaintiff does not specify what information he provided Moseley such that it appears Mosely was aware of an ongoing violation and failed to intervene. With respect to the false disciplinary charge, false charges, without more, do not violate due process and plaintiff has not alleged any facts showing that the denial violated any other constitutional right. The allegations that plaintiff's hunger strike and spider bite were ignored because of Perez, Pitchford, and Moseley's conduct are too vague to state a claim for relief because it is unclear how any of these defendants were responsible for any lack of treatment plaintiff experienced.

Plaintiff fails to state a claim for retaliation against Gamez for having his cell searched after he began self-harming because self-harm is not protected conduct. His allegations that Rios failed to investigate Gamez' misconduct are also insufficient because they do not establish that Rios was aware of and failed to intervene in an ongoing violation.

Finally, plaintiff has not stated a claim against any defendant in their official capacity because he has not alleged facts showing that any of the defendants have the authority to provide

1  the injunctive relief he seeks.

2  It appears to the court that plaintiff may be able to allege facts to fix some of these
3  problems. Therefore, plaintiff has the option of filing an amended complaint.

4        E.      <u>Options from Which Plaintiff Must Choose</u>

5  Based on the court's screening, plaintiff has a choice to make. After selecting an option
6  from the two options listed below, plaintiff must return the attached Notice of Election form to
7  the court within 21 days from the date of this order.

8  **The first option available to plaintiff is to proceed immediately against defendants**
9  **Perez, Pitchford, and Gamez in their individual capacities on the following claims: (1)**
10 **retaliation and failure to protect against Perez based on Perez telling other inmates about**
11 **plaintiff's sex offense; (2) failure to protect against Pitchford and Gamez based on their**
12 **refusal to address plaintiff's safety concerns unless he provided information on other**
13 **inmates; and (3) deliberate indifference against Gamez for ignoring plaintiff when he began**
14 **to self-harm. By choosing this option, plaintiff will be agreeing to voluntarily dismiss all**
15 **other claims against these defendants, all claims against Moseley and Rios, and his official**
16 **capacity claims against all defendants. The court will proceed to immediately serve the**
17 **complaint and order a response from defendant Perez, Pitchford, and Gamez.**

18 **The second option available to plaintiff is to file an amended complaint to fix the**
19 **problems described in Section I.D. If plaintiff chooses this option, the court will set a**
20 **deadline in a subsequent order to give plaintiff time to file an amended complaint.**

21     II.    <u>Motions for Temporary Restraining Order or Preliminary Injunction</u>

22 Plaintiff has filed multiple motions for a temporary restraining order or preliminary
23 injunction in which he requests that defendants correct the content of his central file and that he
24 remain housed at California Medical Facility (CMF). ECF Nos. 3, 9, 12, 13, 15, 16, 19. He has
25 also requested that he no longer be forced to house with an inmate at CMF who is informing on
26 him to prison staff. ECF No. 15. In his most recent motion, plaintiff alleges that Moseley
27 granted a recent grievance substantiating plaintiff's safety concerns but that non-defendants are
28 retaliating against him. ECF No. 19. He requests that he not be moved from California Health

1  Care Facility (CHCF), where he is currently being housed. Id.

2  "A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The propriety of a request for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984))).

Because plaintiff has been transferred to CHCF and has not alleged any facts showing he has a reasonable expectation of being transferred back to KVSP, MCSP, or CMF, his requests for preliminary injunctive relief as it relates to those prisons are moot, and therefore, should be denied. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]" (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))). Plaintiff has also failed to show that defendants Perez, Pitchford, Gamez, and Rios have the authority to grant the relief he is requesting now that he is no longer housed at the prisons at which they are employed.

To the extent plaintiff indicates that defendant Moseley has authority to grant the relief he requests, a district court has no authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over the parties, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)), and plaintiff has not stated a cognizable claim against Moseley, see Zepeda v. United States Immigr. & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons

7

not before the court.").

Finally, to the extent plaintiff seeks to enjoin the conduct of non-defendants, the court lacks jurisdiction over the non-parties unless plaintiff provides facts showing that they are acting "in active concert or participation" with the defendants. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Plaintiff has failed to provide any such facts.

For these reasons, plaintiff's motions for a temporary restraining order or preliminary injunction should be denied.

III.  Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated the following claims against defendants Perez, Pitchford, and Gamez in their individual capacities: (1) claims for retaliation and failure to protect against Perez based on Perez telling other inmates about your sex offense; (2) claims for failure to protect against Pitchford and Gamez based on their refusal to address your safety concerns unless you provided information on other inmates; and (3) a claim for deliberate indifference against Gamez for ignoring you when you began to self-harm.

You have a choice to make. You may either (1) proceed immediately on the claims identified above and voluntarily dismiss all other claims and defendants or (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

IV.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 7) are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff has stated the following claims against defendants Perez, Pitchford, and Gamez in their individual capacities: (1) retaliation and failure to protect against Perez based on Perez telling other inmates about plaintiff's sex offense; (2) failure to protect against Pitchford and Gamez based on their refusal to address plaintiff's safety concerns unless he provided information on other inmates; and (3) deliberate indifference against Gamez for ignoring plaintiff when he began to self-harm. The complaint does not state any other claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on the claims against defendant Perez, Pitchford, and Gamez as set forth in Section I.C above, or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims and defendants except for the individual capacity claims against defendants Perez, Pitchford, and Gamez identified above.

7. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motions for temporary restraining order or preliminary injunction (ECF Nos. 3, 9, 12, 13, 15, 16, 19) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIE RYAN OVERSTREET,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD E. MOSELEY, et al.,<br><br>Defendants. | No.  2:24-cv-0942 AC P<br><br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on the his individual capacity claims against (1) Perez for retaliation and failure to protect based on Perez telling other inmates about plaintiff's sex offense; (2) Pitchford and Gamez for failure to protect based on their refusal to address plaintiff's safety concerns unless he provided information on other inmates; and (3) Gamez for deliberate indifference based on ignoring plaintiff when he began to self-harm.  Plaintiff understands that by choosing this option and not amending the complaint all other claims against these defendants, all claims against defendants Moseley and Rios, and the official capacity claims all defendants will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_  Plaintiff wants time to file an amended complaint.

DATED:_____

_____
Jeremie Ryan Overstreet
Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Retaliation

To state a claim for retaliation, a plaintiff must allege defendants (1) took adverse action against plaintiff (2) because of (3) plaintiff's protected conduct, and that the action (4) would chill an inmate of reasonable firmness from future protected conduct and (5) lacked a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

An adverse action is an act (or failure to act) by prison officials which causes harm, and "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out." Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (emphasis in original). To show

1

defendants retaliated "because of" the plaintiff's actions, the plaintiff must show the defendants were motivated by his protected conduct. See Crawford-El v. Britton, 523 U.S. 574, 592 (1998) (proof of defendant's general animosity toward plaintiff would not necessarily show her conduct was motivated by plaintiff's protected conduct). Protected conduct refers to acts taken by the plaintiff that are protected by the First Amendment and may include lawsuits and grievances, as well as verbal complaints or threats to sue. See Rhodes, 408 F.3d at 567 (prisoners have a First Amendment right to file prison grievances and pursue civil litigation); Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016) (prisoners have "First Amendment right to report staff misconduct"); Jones v. Williams, 791 F.3d 1023, 1036 (9th Cir. 2015) (threats to sue constitute protected conduct); Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) (form of complaint, including verbal, "is of no constitutional significance")

### B. Failure to Protect

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

### C. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

(2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted). "A heightened suicide risk or an attempted suicide is a serious medical need." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010), vacated, 563 U.S. 915 (2011), reinstated in relevant part on remand, 658 F.3d 897 (9th Cir. 2011).

### D. False Disciplinary

Prisoners do not have a liberty interest in being free from false accusations of misconduct. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("there are no procedural safeguards protecting a prisoner from false retaliatory accusations").

### E. Grievances

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance generally cannot serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

### F. Official Capacity Claims

Claims for damages against state officials acting in their official capacity are barred by

sovereign immunity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted). However, state officials sued in their official capacity for prospective injunctive relief are "persons" within the meaning of § 1983. Id. n.10. To state an official capacity claim "a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citation omitted).